LINDA WENDELL HSU (SBN 162971)
lhsu@selmanlaw.com
SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
33 New Montgomery, Suite 1850
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, an Ohio Corporation<br><br>Plaintiff,<br><br>v.<br><br>AGRIGENIX, LLC, a Delaware limited liability company; SEAN MAHONEY, an individual; IRMA EDMONDS, Chapter 7 Trustee; DEERPOINT GROUP, INC., an Illinois Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff, Scottsdale Insurance Company ("Scottsdale" or "Plaintiff"), hereby brings its Complaint for Declaratory Judgment against Defendant, Agrigenix LLC ("Agrigenix"), Defendant Sean Mahoney ("Mr. Mahoney"), and Defendant, Deerpoint Group, Inc. ("Deerpoint"), and alleges as follows:

## I.    NATURE OF ACTION

1.    This is an action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Plaintiff seeks a declaration of the parties' rights and obligations under an insurance policy issued by Scottsdale to Agrigenix, LLC ("Policy") regarding an underlying lawsuit filed by Deerpoint against Agrigenix and Sean Mahoney in the United States District Court, Eastern

*(vertical left margin)* Selman Leichenger Edson Hsu Newman & Moore LLP ATTORNEYS AT LAW

380 47710 4870-6824-0778.v1

District of California under case number 1:18-cv-00536-AWI-BAM (the "Underlying Action"). Scottsdale contends that under the terms and conditions of the Policy, it has no duty to defend and/or indemnify Agrigenix or Mr. Mahoney.

2.     Deerpoint Group, Inc. ("Deerpoint"), which is the plaintiff in the Underlying Action, has demanded that Scottsdale tender its limit of liability under the Policy and is named as a defendant in this action so that it is bound by the rulings of this Court.

## II.     PARTIES

3.     Scottsdale is an insurance company organized under the laws of the State of Ohio with its principal place of business in Scottsdale, Arizona. Scottsdale is authorized to issue policies of insurance in California through licensed, surplus lines brokers and program managers in the state.

4.     Scottsdale is informed and believes and therefore alleges that Defendant Agrigenix, LLC ("Agrigenix") was a limited liability company organized under the laws of Delaware with a principal place of business in Madera, California. Under information and belief, Agrigenix's sole member was Defendant Sean Mahoney ("Mr. Mahoney"), who resides and is domiciled in California. As a result, Agrigenix was also domiciled in California.

5.     Scottsdale is informed and believes and therefore alleges that Defendant Mr. Mahoney is a resident and citizen of California. Upon information and belief, Mr. Mahoney was the President and Chief Executive Officer of Defendant Agrigenix. Agrigenix and Mr. Mahoney, in his role as an officer of Agrigenix, shall be referred to as the "Insureds."

6.     Scottsdale is informed and believes and therefore alleges that Defendant Deerpoint is a corporation organized under the laws of the State of Illinois with its principal place of business in Madera, California.

## III.     VENUE AND JURISDICTION

7.     The Court has jurisdiction to hear this declaratory judgment action pursuant to 28 U.S.C. § 2201 because Scottsdale seeks a declaration that it owes no defense, indemnity, or other coverage obligations to the Insureds or to Deerpoint under the Policy it issued to Agrigenix for any liability alleged or established in the Underlying Action.

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 47710 4870-6824-0778.v1

8.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship and an amount in controversy in excess of $75,000.

9.    Based on the allegations set forth above, there is complete diversity of citizenship because Scottsdale is a citizen of Ohio and Arizona while the Insureds are both citizens of California and Deerpoint is a citizen of Illinois and California.

10.    The minimum $75,000 amount in controversy has also been met. First, Deerpoint's Notice of Motion for Partial Summary Judgment in the Underlying Action states that Deerpoint's "minimum" damages being sought from the Insureds is $730,304. Second, Deerpoint seeks its costs, disbursements and reasonable attorney's fees. Third, the Policy has "per occurrence" policy limits of $1,000,000.

11.    The Court has personal jurisdiction over the Insureds and Deerpoint because they are citizens of California.

12.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2), as all defendants are citizens of the State of California and because a substantial part of the events giving rise to the insurance claim took place in Fresno County and Madera County, California.

## IV.    FACTUAL ALLEGATIONS

### A.    The Underlying Action

13.    This coverage dispute arises out of the Underlying Action. In the Underlying Action, Deerpoint generally alleges that the Insureds stole its "proprietary and trade secret information" for the benefit of Agrigenix, which allegedly used said information to produce "copycat products" which infringed on patents held by Deerpoint; and that the Insureds intentionally interfered with Deerpoint's longstanding customer relationships. The crux of Deerpoint's allegations are centered around its patented units nicknamed "White Boxes," which purportedly "enable Deerpoint technicians to inject proprietary nutrient and micronutrient blends into the grower's irrigation system." Deerpoint seeks compensatory and exemplary damages and injunctive relief arising out the alleged thefts and infringement. A copy of the Second Amended Complaint filed in the Underlying Action is attached as Exhibit A hereto.

14.    The Underlying Action alleges that:

3

380 47710 4870-6824-0778.v1

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

1        a.      Mr. Mahoney executed (1) a valid and enforceable Secrecy Agreement with

2 Deerpoint upon starting his employment confirming that he would preserve the confidential nature

3 of Deerpoint's confidential, proprietary, and trade secret information, and then (2) executed an

4 updated version of that agreement on or about May 9, 2016;

5        b.      Mr. Mahoney gained access to Deerpoint's central computer to access and

6 download Deerpoint's confidential, proprietary, and trade secret information without Deerpoint's

7 authorization;

8        c.      Mr. Mahoney removed briefcases filled with file folders or back packs and

9 gym bags containing documents from Deerpoint's offices;

10        d.      Mr. Mahoney breached the Secrecy Agreement;

11        e.      Mr. Mahoney's employment with Deerpoint was mutually terminated on

12 October 4, 2017;

13        f.      On October 3, 2017, Mr. Mahoney filed a lawsuit against Deerpoint in

14 Fresno County Superior Court regarding the termination of his employment. Subsequently, Mr.

15 Mahoney and Deerpoint executed a Settlement Agreement and Release ("Settlement Agreement").

16        g.      The Settlement Agreement included Mr. Mahoney's obligation to maintain

17 the secrecy of Deerpoint's confidential, proprietary, and trade secret information;

18        h.      Mr. Mahoney breached the Settlement Agreement. The allegations

19 referenced in this paragraph regarding the Secrecy Agreement and the Settlement Agreement shall

20 be known as the "Breach of Contract Allegations"; and

21        i.      Mr. Mahoney utilized the misappropriated information to the benefit of

22 Agrigenix's business and the detriment of Deerpoint's business. Specifically, Deerpoint contends

23 that "Mahoney founded Agrigenix on confidential, proprietary, and trade secret information that

24 he misappropriated from Deerpoint during the term of their employment there." The allegations

25 set forth in this subparagraph are referred to as the "Misappropriation Allegations."

26    15.      The Underlying Action also alleges that:

27        a.      Mr. Mahoney founded Agrigenix, a direct competitor to Deerpoint, in

28 October of 2017;

4

380 47710 4870-6824-0778.v1

b.    Agrigenix advertised that in or about February 2018, it launched a series of "Fertilizer Blends and Foliars" products, and that those products mimic the product line-up available from Deerpoint.

c.    Agrigenix owns and uses a website in interstate commerce to advertise its products and services, and to promote its business within the agricultural industry;

d.    Agrigenix has disseminated false and/or misleading statements to the agricultural industry to the effect that Agrigenix's branded fertilizer blends and foliars are federally registered trademarks when, in fact, no such registrations exist;

e.    These false and/or misleading statements disseminated by Agrigenix to growers and other prospective customers during in-person meetings, at trade shows, and over the internet have had a material impact in diverting sales from Deerpoint because the appearance of federal trademark registration gives the false impression that Agrigenix holds the goodwill associated with established national brands when, in fact, it does not; and

f.    These statements disseminated by Agrigenix "violate federal laws against false advertising" and "constitute 'unlawful' and/or 'unfair' business practices in violation of the unfair competition provisions of California Business & Professions Code §§ 172000, et seq." The allegations in this paragraph are referred to as the "Advertising Allegations."

16.    The Underlying Action also alleges:

a.    Mr. Mahoney and/or other representatives of Agrigenix have told existing Deerpoint customers and vendors that Agrigenix is "the same as Deerpoint with a twist," that Deerpoint is failing and will lose all its customers to Agrigenix, and that Mahoney is not obligated to maintain the confidential and trade secret nature of Deerpoint's protected information.

b.    These disparaging claims by Agrigenix and Mahoney or their agents have been paired with statements that Agrigenix's products are 20% better than Deerpoint's while being 20% cheaper;

c.    Mr. Mahoney has publicly disparaged and/or caused the public disparagement of Deerpoint in violation of the Settlement Agreement after its execution date;

d.    Agrigenix and Mr. Mahoney "intentionally disparaged Deerpoint within the

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 47710 4870-6824-0778.v1

agricultural industry, and specifically to Agriglobe, Anderson Farms, and Dalena Farms"; and

e.    As a result, Deerpoint's relationships with Agriglobe, Anderson Farms, and Dalena Farms were actually disrupted by the business disparagements in that such disparagements intentionally, wrongfully, and unlawfully induced these customers of Deerpoint to end their economic relationship with Deerpoint, and subsequently converted such customers to be customers of Agrigenix, all to the economic disadvantage of Deerpoint. The allegations in paragraph 16 are referred to as the "Disparagement Allegations."

17.    The Underlying Action also alleges that Agrigenix and Mr. Mahoney engaged in unfair business practices by knowingly making untrue or misleading statements about Deerpoint and its products and services.

18.    In the Underlying Action, Deerpoint asserted causes of action against Agrigenix for (a) Trade Secret Misappropriation Under 18 U.S.C. §§ 1836 et seq., (b) Trade Secret Misappropriation Under Cal. Civ. Code §§ 3426 et seq., and (c) False Advertising Under 15 U.S.C. § 1125(a);

19.    In the Underlying Action, Deerpoint asserted causes of action against Mr. Mahoney for (a) Breach of Secrecy Agreement and (b) Breach of Settlement Agreement.

20.    In the Underlying Action, Deerpoint asserted causes of action against the Insureds for (a) Intentional Interference with Prospective Economic Advantage, (b) Unfair Competition Under Cal. Bus. Prof. Code §§ 17200 et seq., and (c) Patent Infringement.

21.    In its Prayer for Relief in the Underlying Action, Deerpoint seeks judgment as follows:

a.    Direct and consequential damages;

b.    Pre-judgment interest on all damages;

c.    Punitive and exemplary damages;

d.    Order of restitution against Agrigenix and Mr. Mahoney;

e.    Preliminary and permanent injunctive relief to prevent Mr. Mahoney and Agrigenix from using Deerpoint's confidential, proprietary, and trade secret information in any way, including in designing, manufacturing, or marketing Agrigenix products and services; from

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

6

380 47710 4870-6824-0778.v1

1    continuing to possess Deerpoint's tangible and/or intangible property; and from publicly

2    disparaging Deerpoint;

3         f.    Preliminary and permanent injunctive relief to prevent the Insureds from

4    continuing to infringe U.S. Patent No. 9,856,179; and

5         g.    Attorney fees, witness fees, and litigation costs.

6    **B.    The Policy**

7         22.    Agrigenix was the named insured on a Virtue Pack Service Business Package

8    Policy issued by Scottsdale and numbered VRS0003098 for the period beginning December 14,

9    2017, and ending December 14, 2018 (the "Policy").  A true and correct copy of the Policy is

10   attached hereto as Exhibit B.

11        23.    The Policy contains a Commercial General Liability Coverage Form, CG 00 01 04

12   13, ("CGL Coverage Form") which contains the following pertinent language:

14   **SECTION I – COVERAGES**

15   **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE**
16   **LIABILITY**

17   **1.**  Insuring Agreement

18        **a.**  We will pay those sums that the insured becomes legally obligated to
19             pay as damages because of "bodily injury" or "property damage" to
             which this insurance applies.  We will have the right and duty to defend
20             the insured against any "suit" seeking those damages.  However, we will
             have no duty to defend the insured against any "suit" seeking damages
21             for "bodily injury" or "property damage" to which this insurance does
             not apply. …

22        …

24        **b.**  This insurance applies to "bodily injury" and "property damage" only
             if:

25        **(1)** The "bodily injury" or "property damage" is caused by an
26             "occurrence" that takes place in the "coverage territory[.]"

27        …

28   / / /

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 47710 4870-6824-0778.v1

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply….

24.    The CGL Coverage Form contains the following exclusions as respects Coverage B, Personal and Advertisement Injury Liability:

2. **Exclusions**

   This insurance does not apply to:

   a. **Knowing Violation Of Rights Of Another**

      "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

   b. **Material Published With Knowledge Of Falsity**

      "Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

   c. **Material Published Prior to Policy Period**

      "Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.
      …

   f. **Breach Of Contract**

      "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".
      …

/ / /

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

8

380 47710 4870-6824-0778.v1

### i.    Infringement Of Copyright, Patent, Trademark Or Trade Secret

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

25.    The CGL Coverage Form contains the following provision:

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

**1.** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

. . .

**e.** All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

26.    The CGL Coverage Form contains the following provision indicating that Mr. Mahoney qualifies as an insured under the Policy with respect to the conduct of Agrigenix's business and/or with respect to his duties as an Agrigenix manager:

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

…

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

27.    The CGL Coverage Form contains the following general liability conditions:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

…

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

…

**c.** You and any other involved insured must:

/ / /

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

380 47710 4870-6824-0778 .v1

    **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    **(2)** Authorize us to obtain records and other information;

    **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"[.]

  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

(collectively, the "Cooperation Provisions").

28.    The CGL Coverage Form contains the following definitions:

**SECTION V – DEFINITIONS**

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.  For the purposes of this definition:

  **a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and
  **b.** Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

…

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

…

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

  **a.** False arrest, detention or imprisonment;
  **b.** Malicious prosecution;
  **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
  **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

10

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 47710 4870-6824-0778.v1

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement."

...

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. …

29.     The Policy contains a Virtue Pack Common Policy Conditions endorsement (the "CPC"), which includes the following exclusions:

### COMMON POLICY CONDITIONS

This endorsement modifies insurance provided under VIRTUE PACK SERVICE BUSINESS PACKAGE POLICY.

Notwithstanding anything contained to the contrary in this VIRTUE PACK Service Business Package Policy, it is hereby agreed that all coverages bound and scheduled in the VIRTUE PACK Service Business Package Policy Declarations or the Contractors Pollution Liability Supplemental Declarations are subject to the following terms and conditions. In the event of a conflict between the provisions of these Common Policy Conditions and any Coverage Part, the provisions of these Common Policy Conditions shall control.

…

### C. EXCLUSIONS

There is no coverage whatsoever under this policy for any of the following. We will also have no duty to defend the insured against any suit seeking damages to which this insurance does not apply.…

8. Injunctive Relief, Fines and Penalties

Any CLAIM seeking injunctive relief or payment for fines or penalties.

…

10. Any CLAIM arising from: false arrest, detention or imprisonment; malicious prosecution; the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or oral or written publication, in any manner,

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

11

of material that violates a person's right of privacy; the use of another's advertising idea in any advertisement; or infringing upon another's copyright, trade dress or slogan in your advertisement. (the "Coverage B Exclusion").

…

12. Access or Disclosure of Confidential or Personal Information

Any liability or obligation arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information…. (the "Confidential Information Exclusion").

30. The CPC contains the following general conditions:

**D. GENERAL CONDITIONS**

1. Actions Against Company: No action shall lie against the Company unless, as a condition precedent thereto, each INSURED has fully complied with all of the provisions of this Policy, or until the amount of the INSURED'S obligation to pay shall have been finally determined either by written agreement of the INSURED or by judgment against the INSURED after actual trial and appeal has been concluded. …

**C. Relevant Procedural History of Underlying Action**

31. On August 21, 2020, Scottsdale agreed to provide a defense to the Insureds in the Underlying Action under a complete reservation of rights ("ROR"). A copy of this ROR is attached as Exhibit C.

32. On October 21, 2020, Scottsdale supplemented its ROR with additional potentially relevant language in the Policy. A copy of this letter is attached as Exhibit D.

33. On April 21, 2022, Deerpoint filed a Motion for Sanctions against the Insureds in the Underlying Action for their alleged failure to preserve certain electronic evidence which should have been provided in discovery, and for allegedly providing false information at Agrigenix's 30(b)(6) deposition. A copy of the Memorandum of Points and Authorities in support of this motion is attached as Exhibit E.

34. On April 25, 2022, Agrigenix filed for Chapter 7 bankruptcy. A true and correct copy of this filing is attached as Exhibit F.

35. On May 12, 2022, Agrigenix's then-independent counsel, Charles K. Manock, and

12

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 47710 4870-6824-0778.v1

the Insureds' then-assigned defense counsel, George L. Hampton IV, jointly filed a Motion to Withdraw as Counsel for their respective clients. A copy of this motion is attached as Exhibit G.

36.    As a result of the Motion for Sanctions, Agrigenix's bankruptcy filing, and the Motion to Withdraw as Counsel, Scottsdale issued a supplemental ROR on June 9, 2022. A copy of that letter is attached as Exhibit H.

37.    On June 13, 2022, the Court granted the Motion to Withdraw as Counsel. A copy of that order is attached as Exhibit I. Following the entry of the order, Scottsdale retained new counsel for the Insureds, subject to all its prior RORs.

38.    On October 31, 2022, the Court granted the Motion for Sanctions finding that the Insureds intentionally spoliated evidence. As a result, the Court awarded Deerpoint $32,500 in attorney fees and ordered the parties to provide supplemental briefing on a potential award of expert witness fees. A copy of the order is attached as Exhibit J.

39.    On December 14, 2022, the Court issued its order on the Motion for Sanctions regarding expert witness fees, which awarded $24,033.91 in expert fees to Deerpoint. A copy of that order is attached as Exhibit K.

40.    On December 27, 2022, Scottsdale issued a letter to the Insureds denying coverage for the award of attorney and expert fees. A copy of that letter is attached as Exhibit L.

41.    On May 25, 2023, defendant Irma Edmonds, the Chapter 7 Trustee (the "Trustee"), standing in the shoes of Agrigenix, filed a Motion in the bankruptcy court to voluntarily (1) Compromise Claims and Interest in Property (Federal Court Civil Litigation) and (2) Approve Sale of Estate's Interest in Property. Ms. Edmonds requested that the bankruptcy court approve a settlement agreement between her and Deerpoint which included, among other things, the entry of a default judgment against the Insureds in the Underlying Action on the following causes of action: (1) Agrigenix - (a) Trade Secret Misappropriation Under 18 U.S.C. §§ 1836 et seq., (b) Trade Secret Misappropriation Under Cal. Civ. Code §§ 3426 et seq., and (c) False Advertising Under 15 U.S.C. § 1125(a); (2) The Insureds - (a) Unfair Competition Under Cal. Bus. Prof. Code §§ 17200 et seq., and (b) Patent Infringement. (collectively the "Defaulted Claims") A copy of the Trustee's motion is attached as Exhibit M. A copy of the settlement agreement between the Trustee

13

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 47710 4870-6824-0778.v1

1  and Deerpoint is attached as Exhibit N.

2  42.   On June 12, 2023, Scottsdale issued a ROR to the Insureds reserving its rights to

3  deny coverage for any Defaulted Claims entered against the Insureds in the Underlying Action. A

4  copy of that letter is attached as Exhibit O.

5  43.   On June 13, 2023, Mr. Mahoney, *In Pro Per*, filed an Objection to the Trustee's

6  Motion To (1) Compromise Claims and Interest in Property, and (2) Approve Sale of Estate's

7  Interest in Property.  A copy of the Objection is attached as Exhibit P.

8  44.   On July 11, 2023, the bankruptcy court entered an order approving the settlement

9  agreement between the Trustee and Deerpoint and authorizing the entry of default judgments

10  against the Insureds on the Defaulted Claims set forth above. A copy of this order is attached as

11  Exhibit Q.

12  45.   On July 28, 2023, the court in the Underlying Action entered a Stipulated Entry of

13  Default and Dismissal of Claims and an Order Granting Stipulated Entry of Judgment and

14  Dismissal of Claims regarding the Defaulted Claims set forth above. The Stipulated Entry of

15  Default and Dismissal of Claims and the Order Granting Stipulated Entry of Judgment and

16  Dismissal of Claims are attached hereto as Exhibits R & S respectively.

17  46.   On August 4, 2023, Scottsdale issued a ROR to the Insureds denying indemnity

18  coverage for the Defaulted Claims. A copy of this letter is attached as Exhibit T.

19  47.   Because there is a dispute between the parties regarding their respective rights and

20  obligations with respect to the above factual and procedural history, actual controversies exist

21  between Plaintiff and Defendants that cannot be resolved absent relief from this Court.

22  **FIRST CAUSE OF ACTION - DECLARATORY JUDGMENT**

23  **(NO DUTY TO DEFEND INSUREDS UNDER CGL COVERAGE FORM)**

24  48.   Scottsdale incorporates by reference all preceding paragraphs as though fully set

25  forth herein.

26  49.   The Policy's Insuring Agreement for Coverage A in the CGL Coverage Form states

27  that (a) Scottsdale has a duty to defend the Insureds against any lawsuit seeking damages because

28  of bodily injury or property damage to which this insurance applies and (b) the bodily injury or

14

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 47710 4870-6824-0778.v1

property damage must be caused by an occurrence.

50.    The Underlying Action does not allege damages because of bodily injury or property damage caused by an occurrence.

51.    The Policy's Insuring Agreement for Coverage B in the CGL Coverage Form states that Scottsdale will defend the Insureds in any lawsuit seeking damages because of personal and advertising injury caused by an offense arising out of Agrigenix's business.

52.    The Underlying Action does not allege damages because of personal and advertising injury caused by an offense. As such, the Insuring Agreement has not been satisfied and Scottsdale does not owe a duty to defend the Insureds under Coverage B in the CGL Coverage Form.

53.    Even if Coverage B in the Policy was triggered by the allegations in the Underlying Action (and it was not), there is no duty to defend the Insureds as to the Breach of Contract Allegations in the Underlying Action due to the application of the Breach of Contract exclusion 2(f) in the CGL Coverage Form.

54.    Moreover, even if Coverage B in the Policy was triggered by the allegations in the Underlying Action (and it was not), there is no duty to defend the Insureds as to the Misappropriation Allegations due to the application of the Coverage B Exclusion C.10 and the Confidential Information exclusion C.12 in the CPC endorsement.

55.    In addition, even if Coverage B in the Policy was triggered by the allegations in the Underlying Action (and it was not), there is no duty to defend the Insureds as to the Disparagement Allegations due to the application of the Coverage B Exclusion in the CPC as well as the Knowing Violation of Rights of Another exclusion 2.(a), the Material Published with Knowledge of Falsity exclusion 2(b), and/or the Material Published Prior to Policy Period exclusion 2(c) in the CGL Coverage Form.

56.    In addition, even if Coverage B in the Policy was triggered by the allegations in the Underlying Action (and it was not), there is no duty to defend the Insureds as to the Patent Infringement claim due to the application of the Infringement of Copyright, Patent, Trademark, or Trade Secret exclusion 2(i) in the CGL Coverage Form.

15

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

57.    Also, there is no duty to defend the Insureds as to the Unfair Competition claims based on the California Supreme Court's holding in *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, which held that a CGL policy does not provide coverage for claims under the Unfair Business Practices Act.

58.    Based upon the foregoing coverage defenses, Scottsdale never had a duty to defend the Insureds against any of the claims alleged in the Underlying Action. Therefore, Scottsdale is entitled to reimbursement of all defense fees and costs incurred under the California Supreme Court holding in *Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal.4th 643.

59.    Alternatively, if the Court determines that Scottsdale only owes a duty to defend some but not all causes of action, then Scottsdale is entitled to reimbursement of its defense fees and costs incurred defending the other non-covered causes of action under the holding of *Buss v. Superior Court* (1997) 16 Cal.4th 35.

60.    By reason of the foregoing, an actual and justiciable controversy exists between Scottsdale, the Insureds, and Deerpoint. Therefore, Scottsdale seeks a declaratory judgment that it never had a duty to defend the Insureds in the Underlying Action and is entitled to reimbursement of all of its defense fees and costs incurred for all of the reasons set forth above. Alternatively, Scottsdale seeks a declaratory judgment that it never had any duty to defend the Insureds in the Underlying Action from any of the claims except the Disparagement Allegations and is entitled to reimbursement of its defense fees and costs incurred in defending the uncovered claims for all the reasons set forth above.

**SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT**

**(NO DUTY TO INDEMNIFY INSUREDS FOR SANCTIONS, ATTORNEY FEES OR EXPERT FEES UNDER CGL COVERAGE FORM)**

61.    Scottsdale incorporates by reference all preceding paragraphs as though fully set forth herein.

62.    The Insuring Agreement for Coverage A in the CGL Coverage Form states that (a) Scottsdale will pay those sums that an insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies and (b) the bodily

16

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 47710 4870-6824-0778.v1

injury or property damage must be caused by an occurrence.

63.    The CGL Coverage Form states that Scottsdale will pay those sums the Insureds become legally obligated to pay because of personal and advertising injury to which this insurance applies and (b) the personal and advertising injury must be caused by an offense arising out Agrigenix's business.

64.    There is no coverage under Coverage A in the CGL Coverage Form for any sanctions, attorney fees, or expert fees imposed against the Insureds because those items do not constitute damages because of bodily injury or property damage caused by an occurrence.

65.    There is no coverage under Coverage B in the CGL Coverage Form for any sanctions, attorney fees, or expert fees imposed against the Insureds because those items do not constitute damages because of personal and advertising injury caused by an offense arising out of Agrigenix's business.

66.    There is no indemnity coverage for any of Deerpoint's attorney fees or expert fees awarded as a result of the Motion for Sanctions against the Insureds pursuant to the Supplementary Payments provision.

67.    There is no indemnity coverage for the attorney fees and expert fees awarded as a result of the Motion for Sanctions due to the application of the Knowing Violation of Rights of Another exclusion and (b) the Insureds breached the Cooperation Provisions in the Policy.

68.    There is no coverage for any sanctions awarded by the Court in the Underlying Action due to the application of the Injunctive Relief, Fines and Penalties exclusion C.8 in the CPC in the Policy.

69.    There is no indemnity coverage for punitive damages pursuant to *City Products Corp. v. Globe Indemnity Co.* (1979) 88 Cal.App.3d 31, 42 and *Peterson v. Sup. Ct.* (1982) 31 Cal.3d 147.

70.    By reason of the foregoing, an actual and justiciable controversy exists between Scottsdale, the Insureds, and Deerpoint. Therefore, Scottsdale seeks a declaratory judgment that it has no duty to indemnify the Insureds in the Underlying Action for the attorney fees and expert fees awarded as a result of the Motion for Sanctions for all of the reasons set forth above.

17

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

**THIRD CAUSE OF ACTION - DECLARATORY JUDGMENT**

**(NO DUTY TO INDEMNIFY INSUREDS FOR DEFAULTED CLAIMS**

**UNDER  CGL COVERAGE FORM)**

71.    Scottsdale incorporates by reference all preceding paragraphs as though fully set forth herein.

72.    As set forth hereinabove, the Trustee voluntarily agreed with Deerpoint to stipulate to enter default judgements against Agrigenix with respect to the Defaulted Claims as defined above.

73.    The Trustee voluntarily allowed the Defaulted Claims against the Insureds without notice, consultation or consent of Scottsdale.

74.    There is no coverage for the Defaulted Claims due to the Trustee's breach of the Cooperation Provisions in the Policy because the Trustee voluntarily stipulated and allowed default judgments to be entered against Agrigenix without Scottsdale's consent.  Thus, the Trustee, standing in the shoes of the Insureds, breached the cooperation provisions in the Policy.

75.    The Insureds, and specifically Mr. Mahoney as an officer of Agrigenix, also breached the Cooperation Provisions in the Policy by their failure to cooperate in the defense of Agrigenix because of the negligent and/or willful spoliation of evidence in the Underlying Action that caused, in whole or in part, then-defense counsels' motion to withdraw as well as the Court's Order noted hereinabove finding that the Insureds intentionally spoliated evidence.

76.    There is no coverage for the Defaulted Claims due to the Insureds breach of the Cooperation Provisions in the Policy because the Insureds materially prejudiced Scottsdale rights in the defense of the Underlying Action by either negligently and/or intentionally spoliating evidence and causing then-defense counsel to withdraw from the case.

77.    Based on the above, there is no coverage for the Defaulted Claims because they do not seek damages because of bodily injury or property damage caused by an occurrence or damages because of personal and advertising injury caused by an offense.

78.    Based on the above, there is no coverage for the Misappropriation Allegations due to the application of the Coverage B Exclusion and the Confidential Information Exclusion.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 47710 4870-6824-0778.v1

79.    Based on the above, there is no coverage for the Advertising Allegations because they do not fall within any of the enumerated personal and advertising offenses listed in the Policy.

80.    Based on the above, there is no coverage for the Patent Infringement claim under Coverage B of the CGL Coverage Form due to the application of the Infringement of Copyright, Patent, Trademark, or Trade Secret exclusion 2(i) as well as the Coverage B Exclusion in the CPC.

81.    Based on the above, there is no coverage for the Unfair Competition claims based on *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254.

82.    By reason of the foregoing, an actual and justiciable controversy exists between Scottsdale, the Insureds, and Deerpoint. Therefore, Scottsdale seeks a declaratory judgment that it has no duty to indemnify the Insureds in the Underlying Action for the Defaulted Claims for all of the reasons set forth above.

## FOURTH CAUSE OF ACTION – DECLARATORY JUDGMENT

## (NO DUTY TO INDEMNIFY INSUREDS FOR REMAINING CLAIMS

## UNDER CGL COVERAGE FORM)

83.    Scottsdale incorporates by reference all preceding paragraphs as though fully set forth herein.

84.    Based on the above, there is no indemnity coverage for the following causes of action because they do not seek damages of bodily injury or property damage caused by an occurrence or damages of personal and advertising injury caused by an offense: (a) Breach of Secrecy Agreement, (b) Breach of Settlement Agreement, or (c) Intentional Interference with Prospective Economic Advantage (the "Remaining Claims").

85.    Based on the above, there is no coverage for the Breach of Contract Allegations due to the application of the Breach of Contract exclusion.

86.    Based on the above, there is no coverage for the Disparagement Allegations due to the application of the Knowing Violation of Rights of Another exclusion, the Material Published with Knowledge of Falsity exclusion, and/or the Material Published Prior to Policy Period exclusion.

87.    By reason of the foregoing, an actual and justiciable controversy exists between

19

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

380 47710 4870-6824-0778.v1

Scottsdale, the Insureds, and Deerpoint. Therefore, Scottsdale seeks a declaratory judgment that it has no duty to indemnify the Insureds in the Underlying Action with respect to the Remaining Claims for all of the reasons set forth above.

**PRAYER FOR RELIEF**

WHEREFORE, Scottsdale prays for judgment as follows:

1.    On the First Cause of Action, for a judicial declaration that the Policy does not provide coverage to the Insureds under the CGL Coverage Form for any of the alleged claims or damages in the Underlying Action so that Scottsdale has no duty to defend the Insureds such that Scottsdale is entitled to reimbursement of its defense fees and costs incurred under the holding of *Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal.4th 643.

2.    Alternatively, on the First Cause of Action, if the Court determines that Scottsdale only owes a duty to defend the Disparagement Allegations, for a judicial declaration that the Policy does not provide coverage to the Insureds under the CGL Coverage Form for any of the alleged claims or damages in the Underlying Action except the Disparagement Allegations such that Scottsdale is entitled to reimbursement of its defense fees and costs incurred defending the other causes of action under the holding of *Buss v. Superior Court* (1997) 16 Cal.4th 35.

3.    On the Second Cause of Action, for a judicial declaration that the Policy does not provide coverage to the Insureds under the CGL Coverage Form for the attorney fees and expert fees awarded as a result of the Motion for Sanctions in the Underlying Action so that Scottsdale has no duty to indemnify the Insureds for those sanctions;

4.    On the Third Cause of Action, for a judicial declaration that the Policy does not provide coverage to the Insureds under the CGL Coverage Form for any of the damages resulting from the Defaulted Claims in the Underlying Action so that Scottsdale has no duty to indemnify the Insureds with respect to the Defaulted Claims;

5.    On the Fourth Cause of Action, for a judicial declaration that the Policy does not provide coverage to the Insureds under the CGL Coverage Form for any of the damages resulting from the Remaining Claims in the Underlying Action so that Scottsdale has no duty to indemnify the Insureds with respect to the Remaining Claims;

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

380 47710 4870-6824-0778.v1

6.     For a judicial declaration that the Insureds and Deerpoint are bound by the findings, rulings, and orders of this Court with respect to the Policy; and

7.     For Scottsdale's attorney fees and costs in bringing this action; and

8.     For such further relief this Court deems appropriate.


DATED: November 1, 2023                    SELMAN LEICHENGER EDSON
                                           HSU NEWMAN & MOORE LLP


                                           By: */s/ Linda Wendell Hsu* _____
                                                LINDA WENDELL HSU

                                           Attorneys for Plaintiff
                                           SCOTTSDALE INSURANCE COMPANY

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

21

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

380 47710 4870-6824-0778.v1