UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AGRIGENIX, LLC, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01548-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS AGRIGENIX, LLC AND SEAN MAHONEY BE DENIED WITHOUT PREJUDICE<br><br>(ECF No. 25).<br><br>OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS |

This case arises from an insurance coverage dispute regarding the duties and obligations owed by Plaintiff Scottsdale Insurance Company to Defendants Agrigenix, LLC and Sean Mahoney in a lawsuit filed by Defendant Deerpoint Group, Inc. against Defendants Agrigenix and Mahoney. (*See* ECF No. 6). Defendant Deerpoint Group, Inc. has filed an answer to Plaintiff's First Amended Complaint and counterclaim for declaratory relief. (ECF No. 7). Defendants Agrigenix, LLC and Mahoney have not appeared in this action. Plaintiff now moves for default judgment against Defendants Agrigenix and Mahoney. (ECF No. 25). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19). For the following reasons, the Court recommends that Plaintiff's motion for default judgment be denied without prejudice.

## I. BACKGROUND

### A. Plaintiff's First Amended Complaint[1]

This case proceeds on Plaintiff's First Amended Complaint, filed on January 8, 2024. (ECF No. 6). Plaintiff's FAC asserts several claims for declaratory relief against Defendants Agrigenix, Mahoney, Deerpoint, and Agrigenix's Chapter 7 Trustee, Irma Edmonds. (*Id.*) As alleged in the FAC, declaratory relief is proper "[b]ecause there is a dispute between the parties regarding their respective rights and obligations" and "actual controversies exist between Plaintiff and Defendants that cannot be resolved absent relief from this Court." (*Id.* at 17).

As alleged in Plaintiff's FAC, Deerpoint has demanded that Plaintiff tender its limit of liability under one of these insurance policies in connection to the underling lawsuit filed by Deerpoint against Agrigenix and Mahoney in the United States District Court, Eastern District of California, *Deerpoint Group, Inc. v. Agrigenix, LLC, et al.*, 1:18-cv-00536-JLT-BAM. (*Id.* at 2). In the underlying lawsuit, Deerpoint generally alleges that its former employee, Mahoney, using information that Deerpoint alleges was subject to secrecy and settlement agreements between Deerpoint and Mahoney, misappropriated Deerpoint's technology and trade secrets to launch his own business, Agrigenix, LLC. (*See id.* at 3-7). Deerpoint asserted separate claims against Mahoney for the breach of the secrecy and settlement agreements and separate claims against Agrigenix for misappropriation of trade secrets and false advertising. (*Id.* at 6). Deerpoint also asserted claims against both Agrigenix and Mahoney for intentional interference with prospective economic advantage, unfair competition, and patent infringement. (*Id.*)

At some point in the underlying lawsuit, Deerpoint filed a motion for discovery sanctions against Agrigenix and Mahoney and was awarded $32,500.00 in attorney fees and $24,033.91 in expert witness fees. (*Id.* at 16). After the discovery sanctions were awarded, Agrigenix's Chapter 7 Bankruptcy Trustee, Irma Edmonds, and Deerpoint, entered into a settlement agreement as part of Agrigenix's bankruptcy proceedings that authorized the entry of default judgment as to Deerpoint's trade secret misappropriation and false advertising claims against Agrigenix in the underlying lawsuit, as well as Deerpoint's unfair competition and patent infringement claims

---

[1] Plaintiff's First Amended Complaint contains extensive and highly detailed allegations. The Court has briefly summarized portions of the FAC that are of particular relevance to the instant motion for default judgment but notes this summary is non-exhaustive.

2

against Agrigenix and Mahoney. (*Id.* at 16-19). The settlement between the Trustee and Deerpoint did not address Deerpoint's separate claims against Mahoney.

Plaintiff's claims for declaratory relief generally asserts that it has no duty to defend or indemnify Agrigenix and Mahoney in the underlying lawsuit under several different provisions of the insurance policies issued by Plaintiff to Agrigenix. (*See id.* at 17-30). In particular, Plaintiff asserts that it has no duty to indemnify Agrigenix and Mahoney, in his position as an officer of Agrigenix, for sanctions, attorney fees, or expert fees under the insuring agreements. (*See id.* at 19-20, 25-26). Plaintiff also asserts that it has no duty to indemnify Agrigenix or Mahoney, in his position as an officer of Agrigenix, for the defaulted claims that were stipulated by the settlement agreement between the Trustee and Deerpoint. (*Id.* at 21-22, 26-27).

**B.     Procedural History**

On January 19, 2024, Defendant Deerpoint filed an answer to Plaintiff's complaint. Defendant Deerpoint also asserted counterclaims for declaratory relief against Plaintiff regarding the duties owed by Plaintiff to Defendants Agrigenix and Mahoney in the underlying lawsuit, as well as claim for wrongful business practices pursuant to California Business and Professions Code §§ 17200 et seq. (ECF No. 7).

Plaintiff and Agrigenix's Chapter 7 Trustee stipulated to dismissal of Plaintiff's claims against the Trustee with prejudice. (ECF Nos. 9, 15).

On January 25, 2024, Plaintiff served copies of the summons and complaint on Defendants Agrigenix and Mahoney. (ECF Nos. 11, 12).

On February 1, 2024, Plaintiff filed an answer to Defendant Deerpoint's counterclaims. (ECF No. 10).

The Court held an initial scheduling conference on February 20, 2024, and ordered Plaintiff to file a request for entry of default as to Defendants Agrigenix and Mahoney. (ECF No. 19). On March 28, 2024, Plaintiff obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a) against Defendants Agrigenix and Mahoney. (ECF Nos. 21, 22, 23).

On April 20, 2024, Plaintiff moved for default judgment against Defendants Agrigenix and Mahoney, seeking "a default declaratory judgment stating that it has no obligation to provide indemnity coverage for any damages awarded to [Defendant Deerpoint] in *Deerpoint Group, Inc.*

3

*v. Agrigenix, LLC., et al.*, USDC Eastern District, Case No. 1:18-cv-00536-AWI-BAM[.]" (ECF No. 25 at 2). No defendant responded to the motion. Defendants Agrigenix and Mahoney have not appeared or otherwise participated in this case.

The Court held a telephonic hearing on the motion on June 5, 2024. (ECF No. 29). Troy Johnson appeared on behalf of Plaintiff. (*Id.*) Lief Knutson appeared on behalf of Defendant Deerpoint. (*Id.*)

Following the hearing, the Court granted Plaintiff leave to file a supplemental brief as to "whether entry of default judgment is premature in light of the existing declaratory relief claims brought by Plaintiff against non-defaulting, Deerpoint Group Inc., and Deerpoint's counterclaims against Plaintiff." (ECF No. 30). Plaintiff did not file a supplemental brief.

**II.     DISCUSSION**

Federal Rule of Civil Procedure 55 permits the Court to enter a default judgment following entry of default by the clerk when a party has failed to plead or otherwise defend a case. Fed. R. Civ. P. 55(b)(2). Whether to enter a default judgment lies within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Factors (*i.e.*, the *Eitel* factors) that may be considered in determining whether to enter default judgment include the following:
> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

However, under Federal Rule of Civil Procedure 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, of the claims or parties only if the court expressly determines that there is no just reason for delay." Delay is warranted when default judgment against one defendant would necessarily lead to a judgment adverse to the interests of non-defaulting parties. *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, at 1189 (9th Cir. 2009). As set forth by the Ninth Circuit, "[i]t has long been established that, where there are several defendants, the transgressions of one defaulting party should not ordinarily lead to the entry of final judgment, let alone a judgment fatal to the interests of other parties." *Id.* Indeed, "[t]he argument for permitting another party to proceed [to

4

the merits] is especially powerful in the context of third-party liability insurance, where the insured may lose interest and the injured party has the primary motivation to pursue the claim." *Id.*

The Court will recommend that Plaintiff's motion be denied without prejudice. The Court cannot find that there is no just reason for delay in entering judgment as to some but not all parties. On the contrary, Plaintiffs asserts the same claims for declaratory relief against the defaulting defendants, Defendants Agrigenix and Mahoney, as the non-defaulting Defendant regarding insurance coverage owed by Plaintiff in the underlying lawsuit. Non-defaulting party Deerpoint has also asserted a counterclaim for declaratory relief against Plaintiff regarding the same insurance policies at issue in Plaintiff's First Amended Complaint. And as set forth in Plaintiff's FAC, Deerpoint has asked Plaintiff to tender its limit of liability under the relevant insurance policy and Plaintiff has named Deerpoint as a defendant "so it is bound by the rulings of this Court." (ECF No. 6 at 2). Further, the declaratory relief sought by Plaintiff is of material interest to Deerpoint as the injured party in the underlying lawsuit. For example, Plaintiff asserts that it has no duty to indemnify Agrigenix or Mahoney with respect to the discovery sanctions awarded to Deerpoint in the underlying action and the defaulted claims. Thus, the primary dispute at issue in this case is between Plaintiff and Deerpoint, who, as the injured party in the underlying lawsuit, stands to lose the most if Plaintiff prevails on the merits of its declaratory relief claims. *See Westchester Fire Ins. Co.*, 585 F.3d at 1190 (quoting *Federal Kemper Ins. C. v. Rauscher*, 807 F.2d 345, 354 (3d. Cir. 1986)) ("Certainly from a pragmatic viewpoint, it is quite true that in many of the liability insurance cases, the most real dispute is between the injured third party and the insurance company, not between the injured and an oftentimes impecunious insured.").

For this reason, it would be inappropriate to grant default judgment to Plaintiff based on the failure of Agrigenix and Mahoney to appear and defend in this case. Default has not been entered against Deerpoint and "so there is not [a] valid basis to deny it the opportunity to try to defend against [Plaintiff's] claim for declaratory relief." *Westchester Fire Ins. Co.*, 585 F.3d at 1190; *see also Shenzhenshi Haitiecheng Sci. & Tech. Co., Ltd. v. Rearden LLC*, No. 15-cv-00797-JST, 2016 WL 5930289, at *13 (N.D. Cal. Oct. 11, 2016) ("There is just reason to delay the entry of default judgment when there are multiple defendants—only some of whom have defaulted—

and the court has not yet adjudicated the claims as to the non-defaulting defendants."); *J & J Sports Prods., Inc. v. Pagliaro,* No. 1:12-CV-001507-LJO, 2013 WL 4402808, at *2 (E.D. Cal. Aug. 15, 2013) (citing *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)) ("[I]n a case where the defendants are similarly situated so that they would have similar defenses, entering default judgment against the defaulting defendant could lead to an inconsistent result if the non-defaulting party were to ultimately prevail in the action."); *Trinchitella v. Am. Realty Partners, LLC*, No. 2:15-cv-02365-DAD-JDP, 2023 WL 5929367, at *3 (E.D. Cal. Sept. 12, 2023) *report and recommendation adopted*, 2023 WIL 6308418 (E.D. Cal., Sept. 28, 2023) ("Significantly, plaintiff's claims against Zarinegar remain pending. Should Zarinegar successfully defend against plaintiff's claims, there is a potential for inconsistent judgment.").

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 25) be DENIED without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 22, 2024**         /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE

6